UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Myer's Lawn Care Services, Inc., <br><br> Appellant, <br><br> -v- <br><br> Robert Pryor, <br><br> Appellee. | 2:23-cv-3346 (NJC) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

Appellant Myer's Lawn Care Services, Inc. ("Myer's") has appealed from an Order in Russell Fragala's ("Fragala") Chapter 7 bankruptcy proceeding ("Bankruptcy Action") expunging the claim by Myer's against Fragala's estate ("Expungement Order").[1] Appellee Robert Pryor ("Pryor"), the Trustee in the Bankruptcy Action, now moves this Court to strike portions of the record in this appeal. (Mot., ECF No. 16.) Specifically, Pryor seeks to strike from the appellate record transcripts of proceedings and other filings from an adverse proceeding between Myer's and Fragala relating to Myer's claim in the Bankruptcy Action ("Adversary Proceeding"). (*Id.*)[2] For the following reasons, the Court finds that this Motion should have been brought in the Bankruptcy Action, and accordingly denies Pryor's Motion without prejudice so that Pryor can bring it in the Bankruptcy Court. This matter shall be administratively closed with leave to reopen upon the filing of a status report apprising the Court of the Bankruptcy Court's

---

[1] The Bankruptcy Action is docketed as *In re Russell Fragala*, 19-br-75714 (Bankr. E.D.N.Y.).
[2] The Adversary Proceeding is docketed as *Myer's Lawn Care Services, Inc. v. Fragala et al*, No. 19-ap-8150 (Bankr. E.D.N.Y.).

ruling on Pryor's Motion, which shall be filed within two (2) days of the Bankruptcy Court's decision.

## BACKGROUND

Myer's has filed two appeals related to the Bankruptcy Action. On October 5, 2022, Myer's appealed from the Bankruptcy Court's ruling after trial in the Adversary Proceeding.[3] On May 2, 2023, Myer's filed the instant appeal from the Expungement Order in the Bankruptcy Action itself. These appeals were reassigned to this Court's docket in October 2023. On December 21, 2023, the Court heard argument from the parties on whether to consolidate these appeals. (Min. Entry, Dec. 21, 2023.) The Court found that consolidating the two cases would not be fair or efficient, and considering the Court's ruling, Appellee Pryor requested that the Court strike from the record in this appeal filings and transcripts of proceedings that occurred in the Adversary Proceeding. (*Id.*; Elec. Order, Dec. 27, 2023.) Myer's opposed that request, arguing that the Bankruptcy Court's ruling expunging Myer's claim in the Chapter 7 proceeding was based on a finding made in the Adversary Proceeding. (Mot. Hr'g, Dec. 21, 2023.) The Court directed the parties to identify legal authority for their positions on the following questions: (1) whether a district court has the authority to strike portions of the record in a bankruptcy appeal, or whether that authority is reserved to the bankruptcy court; and (2) if the bankruptcy court must decide such a motion, whether the time for Pryor to file such a motion has elapsed. (Min. Entry, Dec. 21, 2023; Elec. Order, Jan. 31, 2024.) The parties filed letters in response to the Court's Orders. (ECF Nos. 15–21).

---

[3] The appeal from the Adversary Proceeding is docketed as *Fragala et al v. Fragala*, No. 22-cv-5980 (NJC).

**DISCUSSION**

Rule 8009(e) of the Federal Rules of Bankruptcy Procedure sets forth procedures for "[c]orrecting or modifying the record" in an appeal from a bankruptcy court order. Fed. R. Bankr. P. 8009(e). The 2014 enactment of Rule 8009(e) clarified for the first time a procedure for raising disputes about the record in a bankruptcy appeal. *See* Fed. R. Bankr. P. 8009, Advisory Committee's Notes to 2014 Amendment ("[Rule 8009](e) . . . provides a procedure for correcting the record on appeal if an item is improperly designated, omitted, or misstated."); *see also Balke v. Carmichael*, No. CV H-19-313, 2019 WL 13191287, at *7 (S.D. Tex. July 30, 2019) (providing an overview of the case law interpreting Rule 8006, the bankruptcy rule governing the designation of items for the record on appeal prior to the enactment of Rule 8009(e)).

Rule 8009 establishes three different procedures for a party to correct the record, depending on the nature of the record's purported error. First, Rule 8009(e)(1) provides that:

> [i]f any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.

Fed. R. Bankr. P. 8009(e)(1). Second, Rule 8009(e)(2) provides a procedure to correct the record "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. Bankr. P. 8009(e)(2). Third, Rule 8009(e)(3) provides that "[a]ll other questions as to the form and content of the record must be presented to the court where the appeal is pending." Fed. R. Bankr. P. 8009(e)(3).

The parties dispute whether Rule 8009(e)(1) or Rule 8009(e)(3) governs Pryor's request to strike portions of the appellate record.[4] Myer's argues that Pryor should have moved to strike portions of the record in the Bankruptcy Action under Rule 8009(e)(1) and implies that the time to do so has expired. (*See* ECF Nos. 15, 17.) Pryor contends that this Court should resolve the dispute about the record because "the dispute . . . pertains to what should be stricken and not to the accuracy of the record" and "[u]nder Rule 8009 (e)(3), the issue of the 'content' of the record 'must' be presented to the Court where the appeal is pending." (ECF No. 16 at 2–3 (citing Fed. R. Bankr. P. 8009(e)(3)).)

"Only a handful of courts have addressed record-designation issues under Rule 8009(e)." *Balke*, 2019 WL 13191287, at \*7. In *Balke*, a court in the Southern District of Texas reviewed a bankruptcy court's denial of a motion to strike portions of the record similar to the one before this Court. *Id.* at \*4–6. The motion filed in the bankruptcy court sought to exclude hearing transcripts and other filings held in the core bankruptcy proceeding from the record in the appeal from an order issued in a related adversary proceeding. *Id.* Before addressing the merits of the appeal from the bankruptcy court's order, the district court found that the motion to strike was a "record-designation dispute," which "[Rule] 8009 require[d] the parties to submit . . . to the bankruptcy court before appealing to the district court." *Id.* at \*6; s*ee also In re Digerati Techs., Inc.*, 531 B.R. 654, 659 (Bankr. S.D. Tex. 2015) (finding that the "language [of Rule 8009(e)(1)] leaves no doubt that any dispute over designation of items must be adjudicated by the bankruptcy court, and not the district court to which the appeal has been assigned.").

Although they rely on different subsections of Rule 8009(e), the parties' dispute over the appellate record boils down to a disagreement about whether the record designated by Myer's on

---

[4] Neither party asserts that Rule 8009(e)(2) governs this dispute. (*See* ECF Nos. 15–17.)

appeal from the Expungement Order "accurately discloses" the information the court relied upon in making that ruling. Fed. R. Bankr. P. 8009(e)(1). Pryor contends that "the question of which facts and materials [the Bankruptcy Court] relied upon to reach its decision" is "not relevant to the current dispute" but that "[t]he question before the Court here is whether there is any possible justification, in this Appeal, to include a very voluminous record of a different Appeal, with which the Court has already decided is not susceptible of consolidation." (ECF No. 19 at 4.)

Pryor is incorrect. First, many courts have determined that one "possible justification" (to use Pryor's words) for including items from the record of one bankruptcy proceeding in the appellate record of a separate, but related, bankruptcy proceeding is a finding that "the bankruptcy court actually consider[ed] the [disputed] items in reaching its rulings or judgment appealed from." *Balke*, 2019 WL 13191287, at *10; *see also Digerati Techs., Inc.*, 531 B.R. at 663–64 (collecting cases). Indeed, this Court would be unable to determine whether there is any reason to exclude the disputed items from the record without first knowing whether the Bankruptcy Court considered them in issuing the Expungement Order from which Myer's appeals. *See In re W. T. Grant Co.*, 432 F. Supp. 105, 106 (S.D.N.Y. 1977) ("[T]he record on appeal should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision."). Pryor provides no authority that would permit this Court to strike items from an appellate record even when the Bankruptcy Court had considered those items in issuing the ruling that is the subject of the appeal.

Additionally, Pryor's reliance on the Court's denial of Myer's motion to consolidate its appeal from the Expungement Order with its appeal from the post-trial ruling in the Adversary Proceeding is misplaced. This Court's determination that the two appeals should not be consolidated under Rule 42(a) of the Federal Rules of Civil Procedure—which provides courts

5

with discretion to consolidate actions "involv[ing] a common question of law or fact"—is distinct from the determination of which records are properly included in the record on appeal from the Bankruptcy Court's Expungement Order. In denying consolidation of the appeals, this Court made clear that it was not ruling on which items designated by Myer's on appeal from the Expungement Order were properly in the appellate record. (Mot. Hr'g, Dec. 27, 2023.)

Because Pryor's Motion to Strike portions of the appellate record necessarily raises the question of whether the Bankruptcy Court considered the disputed items in reaching the ruling that is the subject of this appeal, Rule 8009(e)(1) applies and requires that Pryor's Motion to Strike improper designations of the record must "be submitted to and settled by the bankruptcy court." This reading of the rule comports with the long-held understanding in the Second Circuit that "the bankruptcy court knows best what was before it and what it considered in making its ruling." *In re Polverari*, No. 3:15-CV-01500 (VLB), 2016 WL 5724764 (D. Conn. Sept. 3, 2016) (citing *In re Ames Dep't Stores*, 320 B.R. 518, 521 (S.D.N.Y. 2005)); *see also id.* (concluding that "[t]his Court will not disturb the Bankruptcy Court's ruling" on a motion to strike items from the designation of record pursuant to Rule 8009(e)); *Ames*, 320 B.R. at 521 (finding, prior to the enactment of Rule 8009(e), that "[t]he bankruptcy judge, as the court that issued the decision and order appealed from, is in the best position to know what it considered [and] what was *not* considered.").

The Court further finds that neither the Federal Rules of Bankruptcy Procedure nor this District's Local Rules set a time within which a Rule 8009(e)(1) motion must be filed in the bankruptcy court. Accordingly, the Court finds that at this stage, Pryor remains able to bring an application before the Bankruptcy Court to strike designated items from the appellate record.

Finally, this Court finds unpersuasive the argument advanced by Myer's that the Bankruptcy Court no longer has jurisdiction to entertain a Rule 8009(e)(1) motion to strike improperly designated items from the appellate record. (*See* ECF No. 20 at 1–2.) It is well-settled that "[w]hile the filing of a notice of appeal generally divests a bankruptcy court of jurisdiction to proceed with respect to matters raised by the appeal, actions in aid of the appeal are not beyond its authority." *In re Barrick Grp., Inc.*, 100 B.R. 152, 154 (Bankr. D. Conn. 1989) (citing *Int'l Assoc. of Mach. & Aerospace Workers, AFL–CIO v. East. Air Lines, Inc.*, 847 F.2d 1014, 1017 (2d Cir. 1988)); *cf. New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020) (similarly recognizing that upon the filing of an appeal from a district court order, the "district court may take actions only in aid of the appeal or to correct clerical errors.") (quotation marks omitted). Resolution of Pryor's Motion to Strike improper designations of the appellate record is certainly in aid of the appeal because the Bankruptcy Court is best placed to determine which items in the record it relied upon in issuing the Expungement Order. *See Ames*, 320 B.R. at 520 n.2 ("[T]he docketing of the appeal in the district court did not divest the bankruptcy court of jurisdiction to determine the contents of the record on the appeal.").

Accordingly, Pryor's Motion to Strike is denied with leave to file an appropriate application in the Bankruptcy Court. This appeal shall be administratively closed until the parties notify this Court that the Bankruptcy Court has ruled on such an application. The parties shall file a letter with this Court within two (2) days of the Bankruptcy Court's decision.

Dated: Central Islip, New York
February 22, 2024

               /s Nusrat J. Choudhury
               NUSRAT J. CHOUDHURY
               United States District Judge